Pfeifer, J.,
dissenting.
{¶ 26} Robert L. Sheppard filed an application for permanent-total-disability compensation, which was granted. For whatever reason, the hearing officer who granted the application failed to consider the effect of an intervening injury. The employer filed a request for reconsideration, based on the hearing officer’s failure to consider that issue. The commission reviewed the matter and agreed that the intervening injury had not been properly considered. Then, after a hearing, the commission considered the intervening injury and concluded that there was insufficient evidence to conclude that the injury had broken the causal connection between Sheppard’s current symptoms and the allowed conditions of his claim.
{¶ 27} In a just world, that would have been the end of the matter. But even though the legitimate reason for the reconsideration request had been determined to be insufficient to undermine the grant of compensation, the commission, *229 as part of its continuing jurisdiction, decided to review the entire claim. Reviewing a different medical report than the hearing officer had reviewed, the commission concluded that Sheppard’s application for permanent-total-disability compensation should not be granted.
Philip J. Fulton Law Office, Chelsea J. Fulton, and Philip J. Fulton, for appellant.
Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.
Hanna, Campbell & Powell, L.L.P., and Lori A. Whitten, for appellee Shelly & Sands, Inc.
{¶ 28} This process and the ensuing result strike me as unfair to Sheppard. There is no reason to believe that his claim would have been reviewed absent the appeal by his employer, in which case, his claim would have remained undisturbed. That an appeal, which, though legitimate, ultimately proved to be without merit, has nevertheless resulted in Sheppard’s claim being denied is a big-picture cause for concern.
{¶ 29} Losers in workers’ compensation claims, whether employers or employees, will now have incentive to scour records to search for any conceivable mistake of law, however trivial. Even if the reason for reconsideration is not sufficient to lead to a different result, the party will have reason to hope that the commission will review the entire claim, as part of its ongoing jurisdiction. That party will hope for a different result, whether because of a report from a different doctor or for any number of reasons. The upshot of the decision today is that parties in workers’ compensation cases will have little prospect of finality, even barring a change in health or other circumstance, and every incentive to prolong the process as much as possible. Under the reasoning of today’s decision, there is always a chance that the commission will reach a different result and that a party, again, whether employer or employee, will get multiple chances to obtain its desired result.
{¶ 30} I dissent.